## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Trend Micro Incorporated and Trend Micro, Inc. | § § § | |
| Plaintiffs | § § | |
| v. | § § | NO. _____ |
| Taasera Licensing LLC, | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § § | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Declaratory judgment Plaintiffs Trend Micro Incorporated and Trend Micro, Inc. (collectively, "Trend Micro") hereby respectfully files this Complaint against Defendant Taasera Licensing LLC ("Taasera"), seeking declaratory judgment of non-infringement as to the following nine United States patents: U.S. Patent No. 6,842,796, U.S. Patent No. 7,673,137, U.S. Patent No. 8,327,441, U.S. Patent No. 8,955,038, U.S. Patent No. 9,608,997, U.S. Patent No. 9,923,918, U.S. Patent No. 8,990,948, U.S. Patent No. 9,092,616, and U.S. Patent No. 8,850,517 (collectively, the "Patents-in-Suit").[1]

Trend Micro hereby alleges as follows:

### NATURE OF THE ACTION

1.     This is an action arising under the patent laws of the United States, 35 U.S.C. § 1 *et. seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a declaratory judgment of: (i) non-infringement of the Patents-in-Suit; (ii) and for such other relief as the Court

---

[1] On November 30, 2021, Taasera filed an action against Trend Micro Incorporated in the Eastern District of Texas, *Taasera Licensing LLC v. Trend Micro Incorporated*, No. 2:21-cv-00441-JRG, alleging infringement of the Patents-in-Suit. *See* Ex. A (Taasera's Complaint in the Eastern District of Texas). Under Fed. R. Civ. P. Rule 4(m), Taasera's deadline to serve Trend Micro Incorporated, a Japanese Corporation, was February 28, 2022. As of the filing of this complaint, Trend Micro Incorporated has not been served.

deems just and proper.  Additionally,  Trend Micro further reserves the right to assert invalidity  as an affirmative  defense if Taasera asserts infringement.

## THE PARTIES

2.      Plaintiff  Trend  Micro  Incorporated  ("Trend  Micro  Japan")  is  a  Japanese corporation  whose stock is publicly  traded on the Tokyo Stock Exchange, with a principal  place of business  located at Shinjuku  Maynds Tower, 2-1-1 Yoyogi,  Shibuya-ku,  Tokyo, Japan 151-0053.

3.      Plaintiff  Trend Micro, Inc. ("Trend Micro U.S.")[2] is a corporation  organized  under the laws of California,  with its principal  place of business at 225 East John Carpenter Freeway, Irving,  Texas 75062.

4.      Upon  information  and  belief,  Defendant  Taasera  Licensing  LLC  is  a  limited liability  company organized  and existing  under the laws of the State of Texas, with its principal place of business  located at 100 West Houston Street, Marshall,  Texas 75670.

## JURISDICTION AND VENUE

5.      This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory  Judgment Act, 28 U.S.C. §§ 2201 and 2202.  Subject matter jurisdiction  over this action is based upon 28 U.S.C. §§ 1331 and 1338(a).

6.      An  actual  and  justifiable  controversy  exists  between  Trend  Micro  Japan  and Taasera regarding  whether  various  Trend Micro's  products  infringe  the  Patents-in-Suit. Specifically,  on November 30, 2021, Taasera filed a complaint  against Trend Micro Japan in the Eastern District  of Texas.  *See* Ex. A (Taasera's Complaint in the Eastern District of Texas).  In that complaint,  Taasera alleged that Trend Micro Japan infringed  and continues to infringe  one or

---

[2]  Trend Micro U.S. is a wholly owned subsidiary of Trend Micro America, Inc., an unnamed party in this declaratory judgment action.  Trend Micro America, Inc. is a wholly owned subsidiary of Trend Micro Japan.

more claims of the Patents-in-Suit by making, selling, offering for sale, importing and distributing and by actively inducing others to make, use, sell, offer to sell, and/or import products that implement Trend Micro's network security inventions. *Id.*, ¶ 29. Because a controversy exists over whether Trend Micro's products and services infringe the Patents-in-Suit, the Court may grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7.      An actual and justifiable controversy also exists between Trend Micro U.S. and Taasera. In Taasera's complaint against Trend Micro Japan, Taasera alleged Trend Micro's products infringe one or more claims of the Patents-in-Suit. *Id.*, ¶ 29. Trend Micro U.S. directs and controls the sale of Trend Micro's products in the United States. Because a controversy exists over whether Trend Micro's products and services infringe the Patents-in-Suit, including those sold by Trend Micro U.S. in the United States, the Court may grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

8.      This Court has general and specific jurisdiction over Taasera at least because Taasera is at home in the State of Texas, where it is incorporated.

9.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400 because this is the district in which a substantial part of the events and allegations giving rise to the claims occurred, or a substantial part of property that is subject to this action is situated. Additionally, Taasera's principal place of business is located within the State of Texas, where it is incorporated.

## THE PATENTS-IN-SUIT

10.     On its face, U.S. Patent No. 6,842,796 (the "'796 Patent") is entitled, "Information Extraction from Documents with Regular Expression Matching," and indicates an issue date of January 11, 2005 to named inventors Geoffrey G. Zweig and Mukund Padmanabhan. A true and correct copy of the '796 Patent is attached as Ex. B.

11.     On its face, U.S. Patent No. 7,673,137 (the "'137 Patent") is entitled, "System and Method for the Managed Security Control of Processes on a Computer System," and indicates an issue date of March 2, 2010 to named inventors Thomas James Satterlee and William Frank Hackenberger. A true and correct copy of the '137 Patent is attached as Ex. C.

12.     On its face, U.S. Patent No. 8,327,441 (the "'441 Patent") is entitled, "System and Method for Application Attestation," and indicates an issue date of December 4, 2012 to named inventors Srinivas Kumar and Gurudatt Shashikumar. A true and correct copy of the '441 Patent is attached as Ex. D.

13.     On its face, U.S. Patent No. 8,955,038 (the "'038 Patent") is entitled, "Methods and Systems for Controlling Access to Computing Resources Based on Known Security Vulnerabilities," and indicates an issue date of February 10, 2015 to named inventors Blair Nicodemus and Billy Edison Stephens. A true and correct copy of the '038 Patent is attached as Ex. E.

14.     On its face, U.S. Patent No. 9,608,997 (the "'997 Patent") is entitled, "Methods and Systems for Controlling Access to Computing Resources Based on Known Security Vulnerabilities," and indicates an issue date of March 28, 2017 to named inventors Blair Nicodemus and Billy Edison Stephens. A true and correct copy of the '997 Patent is attached as Ex. F.

15.     On its face, U.S. Patent No. 9,923,918 (the "'918 Patent") is entitled, "Methods and Systems for Controlling Access to Computing Resources Based on Known Security Vulnerabilities," and indicates an issue date of March 20, 2018 to named inventors Blair Gaver Nicodemus and Billy Edison Stephens. A true and correct copy of the '918 Patent is attached as Ex. G.

16.     On its face, U.S. Patent No. 8,990,948 (the "'948 Patent") is entitled, "Systems and Methods for Orchestrating Runtime Operational Integrity," and indicates an issue date of March 24, 2015 to named inventors Srinivas Kumar and Dennis Pollutro.  A true and correct copy of the '948 Patent is attached as Ex. H.

17.     On its face, U.S. Patent No. 9,092,616 (the "'616 Patent") is entitled, "Systems and Methods for Threat Identification and Remediation," and indicates an issue date of July 28, 2015 to named inventors Srinivas Kumar and Dennis Pollutro.  A true and correct copy of the '616 Patent is attached as Ex. I.

18.     On its face, U.S. Patent No. 8,850,517 (the "'517 Patent") is entitled, "Runtime Risk Detection Based on User, Application, and System Action Sequence Correlation," and indicates an issue date of September 30, 2014 to named inventor Srinivas Kumar.  A true and correct copy of the '517 Patent is attached as Ex. J.

19.     On information and belief, Taasera is the owner by assignment of the Patents-in-Suit.  Taasera claims to have the authority to enforce rights under the Patents-in-Suit and to bring litigation to enforce those rights. Ex. A, ¶ 16.

### THE PARTIES' DISPUTE CONCERNING THE PATENTS-IN-SUIT

20.     On November 30, 2021, Taasera filed suit in the Eastern District of Texas against Trend Micro Japan, *Taasera Licensing LLC v. Trend Micro Incorporated*, No. 2:21-cv-00441-JRG, accusing Trend Micro Japan of infringing one or more of the Patents-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import products that implement the network security inventions claimed in the Patents-in Suit.  A true and correct copy of Taasera's complaint in the Eastern District of Texas is attached as Ex. A (Taasera's Complaint in the Eastern District of Texas).  Taasara has not served Trend Micro Japan or withdrawn its complaint in the Eastern District of Texas. While Taasara did

not name Trend Micro U.S. as a defendant in the Complaint,  Taasara's allegations of infringement as to Trend Micro's products, which are sold in the United States by Trend Micro U.S., establish a justiciable  case or controversy between Taasera and Trend Micro U.S. of sufficient immediacy and reality.

21.     Taasera alleges that products incorporating  the integrated Data Loss Prevention feature (e.g., Trend Micro OfficeScan, Cloud App Security, ScanMail for Microsoft Exchange, ScanMail for Lotus Domino, InterScan Messaging Security, InterScan Web Security, IM Security for Microsoft Lync, Portal Protect for Microsoft SharePoint, and Smart Protection for Endpoints & Complete) infringe one or more claims of the '796 Patent. *Id.*, ¶ 34.

22.     Taasera alleges that products incorporating  the Application  Control feature (e.g., Trend Micro Apex One and Trend Micro Vision One) infringe one or more claims of the '137 Patent. *Id.*, ¶ 45.

23.     Taasera alleges that products incorporating  the Predictive Machine Learning feature (e.g., Trend Micro Apex One and Trend Micro Vision One) infringe one or more claims of the '441 Patent. *Id.*, ¶ 56.

24.     Taasera alleges that products incorporating  the Vulnerability Protection feature (e.g., Trend Micro Apex One and Trend Micro Vision One) infringe one or more claims of the '038 Patent, one or more claims of the '997 Patent and one or more claims of the '918 Patent. *Id.*, ¶¶ 67, 111, 126.

25.     Taasera alleges that products incorporating  the Extended Detection and Response feature (e.g., Trend Micro Apex One and Trend Micro Vision One) infringe one or more claims of the '948 Patent and one or more claims of the '616 Patent. *Id.*, ¶¶ 82, 95.

26.     Taasera alleges that products incorporating the Correlated Rule and/or Targeted Attack Campaign features (e.g., Trend Micro Deep Discovery Inspector, Trend Micro Apex Central, Trend Micro Apex One, and Trend Micro Vision One) infringe one or more claims of the '517 Patent. *Id.*, ¶ 140.

27.     Taasera alleges that Trend Micro Japan has and continues to indirectly infringe one or more claims of the Patents-in-Suit by knowingly and intentionally inducing others, including Trend Micro Japan subsidiaries, customers, and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology. *See, e.g., id.*, ¶ 38.

28.     Taasera alleges that Trend Micro Japan, with the knowledge that these products, or the use thereof, infringed the Patents-in-Suit, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the Patents-in-Suit by providing these products to end-users for use in an infringing manner. *See, e.g., id.*, ¶ 39.

29.     Taasera alleges that Trend Micro Japan induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the Patents-in-Suit, but while remaining willfully blind to the infringement. *See, e.g., id.*, ¶ 40.

30.     Taasera claims it has suffered damages as a result of Trend Micro Japan's direct and indirect infringement of the Patents-in-Suit and it will continue to suffer, irreparable harm as a result of Trend Micro Japan's infringement of the Patents-in-Suit. *See, e.g., id.*, ¶¶ 41, 42.

31.     Accordingly, an actual and justiciable controversy exists between Trend Micro and Taasera concerning whether Trend Micro infringes one or more claims of any of the Patents-in-

Suit. Trend Micro now seeks a declaratory judgment that Trend Micro does not infringe the claims of the Patents-in-Suit.

## COUNT ONE
### (Declaratory Judgment of Non-Infringement of the '796 Patent)

32.     This is a claim for declaratory judgment of non-infringement of the '796 Patent. The allegations of the foregoing paragraphs above are repeated as though fully set forth herein.

33.     As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality between Trend Micro and Taasera to warrant the issuance of a declaratory judgment.

34.     Trend Micro's products, including at least the Accused Products, have not infringed, and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any valid and enforceable claim of the '796 Patent. On information and belief, at least Trend Micro OfficeScan, Cloud App Security, ScanMail for Microsoft Exchange, ScanMail for Lotus Domino, InterScan Messaging Security, InterScan Web Security, IM Security for Microsoft Lync, Portal Protect for Microsoft SharePoint, and Smart Protection for Endpoints & Complete, have not infringed, and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any valid and enforceable claim of the '796 Patent.

35.     Trend Micro is entitled to a judgment from this Court that Trend Micro has not infringed, and does not infringe, any valid and enforceable claim of the '796 Patent.

## COUNT TWO
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. '137 Patent)

36.     This is a claim for declaratory judgment of non-infringement of the '137 Patent. The allegations of the foregoing paragraphs above are repeated as though fully set forth herein.

37.     As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality between Trend Micro and Taasera to warrant the issuance of a declaratory judgment.

38.     Trend Micro's products, including at least the Accused Products, have not infringed, and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any valid and enforceable claim of the '137 Patent. On information and belief, at least Trend Micro Apex One and Trend Micro Vision One, have not infringed, and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any valid and enforceable claim of the '137 Patent.

39.     Trend Micro is entitled to a judgment from this Court that Trend Micro has not infringed, and does not infringe, any valid and enforceable claim of the '137 Patent.

## COUNT THREE
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. '441 Patent)

40.     This is a claim for declaratory judgment of non-infringement of the '441 Patent. The allegations of the foregoing paragraphs above are repeated as though fully set forth herein.

41.     As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality between Trend Micro and Taasera to warrant the issuance of a declaratory judgment.

42.     Trend Micro's products, including at least the Accused Products, have not infringed, and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any valid and enforceable claim of the '441 Patent. On information and belief, at least Trend Micro Apex One and Trend Micro Vision One, have not infringed, and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any valid and enforceable claim of the '441 Patent.

43.     Trend Micro is entitled to a judgment from this Court that Trend Micro has not infringed, and does not infringe, any valid and enforceable claim of the '441 Patent.

## COUNT FOUR
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. '038 Patent)

44.     This is a claim for declaratory judgment of non-infringement of the '038 Patent. The allegations of the foregoing paragraphs above are repeated as though fully set forth herein.

45.     As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality between Trend Micro and Taasera to warrant the issuance of a declaratory judgment.

46.     Trend Micro's products, including at least the Accused Products, have not infringed, and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any valid and enforceable claim of the '038 Patent. On information and belief, at least Trend Micro Apex One and Trend Micro Vision One, have not infringed, and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any valid and enforceable claim of the '038 Patent.

47.     Trend Micro is entitled to a judgment from this Court that Trend Micro has not infringed, and does not infringe, any valid and enforceable claim of the '038 Patent.

## COUNT FIVE
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. '997 Patent)

48.     This is a claim for declaratory judgment of non-infringement of the '997 Patent. The allegations of the foregoing paragraphs above are repeated as though fully set forth herein.

49.     As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality between Trend Micro and Taasera to warrant the issuance of a declaratory judgment.

50.     Trend Micro's products, including at least the Accused Products, have not infringed, and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any valid and enforceable claim of the '997 Patent. On information and belief, at least Trend Micro Apex One and Trend Micro Vision One, have not infringed, and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any valid and enforceable claim of the '997 Patent.

51.     Trend Micro is entitled to a judgment from this Court that Trend Micro has not infringed, and does not infringe, any valid and enforceable claim of the '997 Patent.

## COUNT SIX
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. '918 Patent)

52.     This is a claim for declaratory judgment of non-infringement of the '918 Patent. The allegations of the foregoing paragraphs above are repeated as though fully set forth herein.

53.     As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality between Trend Micro and Taasera to warrant the issuance of a declaratory judgment.

54.     Trend Micro's products, including at least the Accused Products, have not infringed, and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any valid and enforceable claim of the '918 Patent. On information and belief, at least Trend Micro Apex One and Trend Micro Vision One, have not infringed, and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any valid and enforceable claim of the '918 Patent.

55.     Trend Micro is entitled to a judgment from this Court that Trend Micro has not infringed, and does not infringe, any valid and enforceable claim of the '918 Patent.

## COUNT SEVEN
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. '948 Patent)

56.     This is a claim for declaratory judgment of non-infringement of the '948 Patent. The allegations of the foregoing paragraphs above are repeated as though fully set forth herein.

57.     As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality between Trend Micro and Taasera to warrant the issuance of a declaratory judgment.

58.     Trend Micro's products, including at least the Accused Products, have not infringed, and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any valid and enforceable claim of the '948 Patent. On information and belief, at least Trend Micro Apex One and Trend Micro Vision One, have not infringed, and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any valid and enforceable claim of the '948 Patent.

59.     Trend Micro is entitled to a judgment from this Court that Trend Micro has not infringed, and does not infringe, any valid and enforceable claim of the '948 Patent.

## COUNT EIGHT
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. '616 Patent)

60.     This is a claim for declaratory judgment of non-infringement of the '616 Patent. The allegations of the foregoing paragraphs above are repeated as though fully set forth herein.

61.     As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality between Trend Micro and Taasera to warrant the issuance of a declaratory judgment.

62.     Trend Micro's products, including at least the Accused Products, have not infringed, and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any valid and enforceable claim of the '616 Patent. On information and

belief, at least Trend Micro Apex One and Trend Micro Vision One, have not infringed, and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any valid and enforceable claim of the '616 Patent.

63.     Trend Micro is entitled to a judgment from this Court that Trend Micro has not infringed, and does not infringe, any valid and enforceable claim of the '616 Patent.

## COUNT NINE
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. '517 Patent)

64.     This is a claim for declaratory judgment of non-infringement of the '517 Patent. The allegations of the foregoing paragraphs above are repeated as though fully set forth herein.

65.     As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality between Trend Micro and Taasera to warrant the issuance of a declaratory judgment.

66.     Trend Micro's products, including at least the Accused Products, have not infringed, and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any valid and enforceable claim of the '517 Patent. On information and belief, at least Trend Micro Deep Discovery Inspector, Trend Micro Apex Central, Trend Micro Apex One, and Trend Micro Vision One, have not infringed, and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any valid and enforceable claim of the '517 Patent.

67.     Trend Micro is entitled to a judgment from this Court that Trend Micro has not infringed, and does not infringe, any valid and enforceable claim of the '517 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Trend Micro prays for the following judgment and relief:

(A)     The Court enter a declaratory judgment that Trend Micro is not infringing and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any claims of the Patents-in-Suit;

(B)     Preliminarily and permanently enjoining Taasera, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it who receive actual notice by personal service or otherwise, from asserting or threatening to assert against Trend Micro or its customers, potential customers, or users of any Trend Micro products, any charge of infringement of any claims of the Patents-in-Suit;

(C)     The Court declare this case exceptional under 35 U.S.C. § 285, awarding Trend Micro its costs, expenses, and reasonable attorneys' fees under 35 U.S.C. § 285 and all other applicable statutes, rules and common law, including this Court's inherent authority; and

(D)     Any other equitable rights and/or legal relief that this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Federal Rules of Civil Procedure 38(b), Trend Micro demands a trial by jury on all issues so triable.

DATED:          February 28, 2022          PAUL HASTINGS LLP


By: */s/ Yar R. Chaikovsky*
Yar R. Chaikovsky *(admitted)*
Philip Ou *(pro hac vice)*
Bruce S. Yen *(pro hac vice)*
Alexander H. Lee *(pro hac vice)*
Paul Hastings LLP
1117 S. California Avenue
Palo Alto, CA 94304-1106
Telephone: 650.320.1800
Facsimile: 650.320.1900
Email: yarchaikovsky@paulhastings.com
Email: philipou@paulhastings.com
Email: bruceyen@paulhastings.com
Email: alexanderlee@paulhastings.com

Attorneys for Plaintiffs,
Trend Micro Incorporated and Trend Micro,
Inc.